No. 25-1550

# United States Court of Appeals for the Third Circuit

NOVADOZ PHARMACEUTICALS LLC, MSN PHARMACEUTICALS INC., MSN LABORATORIES PRIVATE LIMITED,

*Defendants-Appellants*,

v.

NOVARTIS AG, NOVARTIS PHARMACEUTICALS CORPORATION,

*Plaintiffs-Appellees*.

On Appeal from the United States District Court
for the District of New Jersey, No. 2:25-CV-00849-EP-JRA
(The Honorable Evelyn Padin)

**LOCAL RULE 4.1 MOTION TO EXPEDITE BRIEFING, ARGUMENT, AND RULING**

**RULE 27.7 EXPEDITED CONSIDERATION REQUESTED**

Rebekah Conroy
STONE CONROY LLC
25A Hanover Road, Suite 301
Florham Park, New Jersey 07932
(973) 400-4181

Adam G. Unikowsky
JENNER & BLOCK LLP
1099 New York Avenue NW
Suite 900
Washington, D.C. 20001
(202) 639-6041
aunikowsky@jenner.com

Ron Daignault
DAIGNAULT IYER LLP
8229 Boone Boulevard, Suite 450
Vienna, VA 22182
(917) 838-9795

Gianni P. Servodidio
Rémi Jaffré
Jacquellena T. Carrero
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, New York
(212) 891-1620

*Counsel for Defendants-Appellants Novadoz Pharmaceuticals LLC, MSN Pharmaceuticals Inc., and MSN Laboratories Private Limited*

Pursuant to Federal Rule of Appellate Procedure 27 and Local Appellate Rule 4.1, Defendants-Appellants Novadoz Pharmaceuticals LLC, MSN Pharmaceuticals Inc., and MSN Laboratories Private Limited (collectively, "MSN"), respectfully request that the Court expedite the briefing, argument, and disposition of this appeal of the order by the U.S. District Court for the District of New Jersey ("District Court") granting Plaintiffs-Appellees' motion for a preliminary injunction. This motion is timely filed under Local Rule 4.1 because it is submitted on the day after the case opened on April 3, 2025. Counsel for MSN have conferred with counsel for Plaintiffs-Appellees regarding this motion. Plaintiffs-Appellees Novartis AG and Novartis Pharmaceuticals Corporation (collectively, "Novartis") consent to the briefing schedule proposed within without conceding that expedition is necessary and have reserved their right to oppose this Motion.

## BACKGROUND

This appeal concerns the District Court's improper grant of a preliminary injunction in a trade dress dispute between Novartis and MSN. *Novartis AG v. Novadoz Pharmaceuticals LLC*, No. 25-CV-00849 (D.N.J.) ("D.N.J. Dkt."), ECF No. 32.

On January 30, 2025, Novartis filed a complaint, and shortly thereafter a motion for a temporary restraining order and preliminary injunction seeking to enjoin MSN from launching an FDA-approved generic equivalent to Novartis's Entresto drug. D.N.J. Dkt., ECF Nos. 1, 4. Novartis alleged infringement of its trade dress rights in the shapes, sizes, and colors of the different doses of its heart medication and also claimed that MSN infringed the Novartis mark because of MSN's plan to use its own registered mark Novadoz for its generic drug. *See* D.N.J. Dkt., ECF No. 1.

The District Court denied the request for a temporary restraining order, but ordered an expedited briefing scheduling on the motion for a preliminary injunction allowing MSN 6 days to file an opposition. D.N.J. Dkt., ECF No. 7. The Motion was fully briefed as of February 10, 2025. *See* D.N.J. Dkt., ECF No. 17.

On March 17, 2025, the District Court granted Novartis's request for a preliminary injunction without holding an evidentiary hearing or oral argument. D.N.J. Dkt., ECF No. 32. The District Court preliminarily enjoined MSN from inter alia "manufacturing, . . ., selling, marketing, offering for sale, advertising, promoting or displaying [] MSN's [generic Entresto d]rug, in a manner likely to

infringe on Plaintiffs' trade dress." D.N.J. Dkt., ECF No. 33. The District Court denied Novartis's request for an injunction barring MSN's use of the Novadoz trademark. *See* D.N.J. Dkt., ECF No. 32 at 21.

In its decision, the District Court recognized "[t]here is no question that MSN would suffer significant hardship if enjoined" and that MSN "would lose its 'first mover advantage' and face financial, research, and development setbacks." *Id.* at 18. MSN moved to stay the District Court's preliminary injunction and filed this appeal pursuant to 28 U.S.C. § 1292(a). D.N.J. Dkt., ECF Nos. 35, 37-1. In its motion to stay the injunction pending appeal, MSN demonstrated that the District Court had committed a series of manifest legal errors of procedural and substantive law, that MSN would be irreparably harmed absent a stay, and that the balance of hardships and public interest favored a stay. *See* D.N.J. Dkt., ECF No. 37-1. Briefing is underway before the District Court on MSN's motion to stay pending appeal. *See* D.N.J. Docket.

## ARGUMENT

This Court may "expedite the consideration of any action . . . if good cause therefor is shown." 28 U.S.C. § 1657(a); *see* L.A.R. 4.1 (a

motion to expedite shall "set[] forth the exceptional reason that warrants expedition"). As explained herein, good cause exists here. MSN's motion to expedite this appeal is timely, as the appeal was opened on April 3, 2025. *See* L.A.R. 4.1.

The District Court's sweeping injunction will wreak irreparable harm on MSN. As the District Court here expressly recognized, "[t]here is no question that MSN would suffer significant hardship if enjoined."[1] D.N.J. Dkt., ECF No. 32 at 18. As set forth in the attached declaration of Bharat Reddy Chintapally, MSN's Executive Director, the preliminary injunction imminently threatens MSN's years of research and development efforts and its position as the first mover in the market for generic Entresto products. Indeed, since MSN began developing its generic equivalent to Novartis's Entresto drug in 2017, it has invested over $12 million dollars in research and development costs with the goal of becoming the first entrant into the Entresto generics market. D.N.J. Dkt., ECF No. 13 at 7; Decl. of

---

[1] A second district court, which is hearing Novartis's patent infringement claim against MSN, has also concluded that MSN will likely suffer substantial irreparable harm if it cannot sell its Entresto generic. *In re Entresto (Sacubitril/Valsartan) Pat. Litig.*, 2024 WL 3757086, at *5 (D. Del. Aug. 12, 2024).

4

Bharat Reddy Chintapally in Supp. Mot. to Expedite ("Chintapally Decl.") ¶ 9. MSN's investment has included the research and development and testing of its generic Entresto tablets, preparing its ANDA, responding to FDA inquiries, and taking appropriate measures to secure manufacturing and distribution pipelines and building up its supplies of inventory. D.N.J. Dkt., ECF No. 13-2 ¶¶ 30–31. The threat to MSN's first-mover advantage is real and looming. *See also Otsuka Pharm. Co. v. Torrent Pharms. Ltd.*, 99 F. Supp. 3d 461, 506 (D.N.J. 2015) (noting that "the hardship on a preliminarily enjoined generic which has taken affirmative steps to enter the market can be devastating"); *In re Entresto (Sacubitril/Valsartan) Pat. Litig.*, 2024 WL 3757086, at *5 (D. Del. Aug. 12, 2024) (addressing MSN's potential harm from loss of its first-mover advantage). Another company, Noratech, has stated in court filings that it imminently expects FDA approval and will launch a competing Entresto generic, which will severely harm MSN. Chintapally Decl. ¶ 9.

Moreover, MSN will suffer significant reputational harm if the injunction remains in place during the pendency of this appeal. For the past several months, MSN has been placed in the untenable

position of being in a "go/no go" posture around the launch of its product as Novartis brought legal challenge after legal challenge in multiple fora. Chintapally Decl. ¶ 10. Any further delay will compound the significant harm to MSN's reputation as a reliable supplier in the generic medication market. Chintapally Decl. ¶ 11.

Recent developments in MSN's other pending litigation with Novartis have heightened the threat of immediate harm to MSN as a direct result of the preliminary injunction. Since August 14 2024, MSN has been the subject of an injunction in its patent litigation with Novartis that is on appeal to the Federal Circuit. *In re Entresto (Sacubitril/Valsartan) Pat. Litig.*, No. 23-2218 (Fed. Cir. Jan. 21, 2025), ECF No. 127. On March 25, 2025, the Federal Circuit resolved the remaining patent-related disputes before it in Novartis's favor, and on April 1, 2025, the mandate issued and the injunction pending appeal was lifted. *In re Entresto (Sacubitril/Valsartan) Pat. Litig.*, No. 23-2218 (Fed. Cir. Mar. 25, 2025), ECF No. 157. The Delaware district court then entered judgment and an injunction against MSN that day. *In re Entresto (Sacubitril/Valsartan) Pat. Litig.*, No. 19-cv-02053 (D. Del. Apr. 1, 2025), ECF No. 508. But based on the Federal Circuit's decision regarding the scope of the patent-at-issue in that

6

case, there are grounds for MSN to overcome the Delaware court's injunction, and arguments in that regard will be heard on April 29, 2025. Chintapally Decl. ¶ 14. Accordingly, MSN has taken immediate action in the Delaware district court on remand to remove any and all remaining patent-related obstacles to its release of its generic drug into the market. Chintapally Decl. ¶ 14. Thus, it is highly likely that the only obstacle standing in the way of MSN bringing its long-awaited generic to market will be the District Court's erroneous preliminary injunction below.

The need for an expeditious resolution extends beyond just MSN and Novartis, because the public's access to lower cost versions of lifesaving heart medication is also implicated. As the District Court acknowledged, there are "societal benefits of affordable alternatives to brand-name drugs." D.N.J. Dkt., ECF No. 32 at 18. Bringing MSN's generic to market would mean doctors have greater flexibility to prescribe a highly effective, life-saving medicine without worrying about whether patients could afford it. D.N.J. Dkt., ECF No. 13-49 ¶¶ 35–37. Moreover, the Court's broad injunction threatens the ability of other generic Entresto manufacturers from successfully releasing their generic Entresto drugs. All other aspiring

7

manufacturers of generic Entresto for which information is publicly available appear to have chosen similar pill shapes, sizes, and colors to MSN's and Novartis's drugs. *See* D.N.J. Dkt., ECF No. 13-7 ¶ 18 & Ex. 1. Thus, the District Court's broad injunction will hamper public access to the lifesaving medication.

An expedited appeal is therefore necessary to mitigate the injuries enumerated here. The proposed schedule accommodates the needs of Novartis's counsel, as it gives Novartis the same amount of time to file its opposition brief as Novartis would have under the Court's standard briefing schedule (30 days). *See* Fed. R. App. P. 31(a)(1).

## CONCLUSION AND PROPOSED SCHEDULE

For these reasons, MSN respectfully requests the Court to expedite the briefing, argument, and disposition of this appeal. MSN proposes, and Novartis consents to, the following briefing schedule:

**MSN's Opening Brief:** April 23, 2025

**Novartis's Opposition Brief:** May 23, 2025

**MSN's Reply Brief:** June 6, 2025

MSN and Novartis are available to appear for oral argument at the Court's earliest convenience following the conclusion of briefing.

8

Dated: April 4, 2025           Respectfully submitted,

                               By:  /s/Adam G. Unikowsky

                               Adam G. Unikowsky
Rebekah Conroy                 JENNER & BLOCK LLP
STONE CONROY LLC               1099 New York Avenue NW
25A Hanover Road               Suite 900
Suite 301                      Washington, D.C. 20001
Florham Park, NJ 07932         (202) 639-6041
(973) 400-4181                 aunikowsky@jenner.com
rconroy@stoneconroy.com

                               Gianni P. Servodidio
Ron Daignault                  Rémi Jaffré
DAIGNAULT IYER LLP             Jacquellena T. Carrero
8229 Boone Boulevard,          JENNER & BLOCK LLP
Suite 450                      1155 Avenue of the Americas
Vienna, VA 22182               New York, NY 10036
(917) 838-9795                 (212) 891-1620
rdaignault@daignaultiyer.com   gservodidio@jenner.com
                               rjaffre@jenner.com
                               jcarrero@jenner.com

No. 25-1550

# United States Court of Appeals for the Third Circuit

NOVADOZ PHARMACEUTICALS LLC, MSN PHARMACEUTICALS INC., MSN LABORATORIES PRIVATE LIMITED,

*Defendants-Appellants*,

v.

NOVARTIS AG, NOVARTIS PHARMACEUTICALS CORPORATION,

*Plaintiffs-Appellees*.

On Appeal from the United States District Court
for the District of New Jersey, No. 2:25-CV-00849-EP-JRA
(The Honorable Evelyn Padin)

## DECLARATION OF BHARAT REDDY CHINTAPALLY IN SUPPORT OF DEFENDANTS-APPELLANTS' MOTION TO EXPEDITE

BHARAT REDDY CHINTAPALLY, pursuant to 28 U.S.C. § 1746, hereby declares:

1. I am an Executive Director of Defendants MSN Pharmaceuticals Inc. ("MSN Pharmaceuticals") and MSN Laboratories Private Limited ("MSN Laboratories"; together with MSN Pharmaceuticals, "MSN"). I have held this position since 2006.

2. MSN is one of the world's fastest growing knowledge-driven, research-oriented pharmaceutical companies, specialized in the development and manufacture of generic medications.

1

3. As an Executive Director of MSN, I am familiar with and responsible for MSN's Business Development, Sales & Marketing, Portfolio, Research & Development, and Manufacturing Operations. I make this declaration based on my personal knowledge of MSN's practices over the 19 years I have been employed here.

4. As Novartis is well aware, MSN has been developing a generic version of Entresto since 2017. In accordance with FDA rules, MSN's product has the same ingredients and dosage strengths as Entresto and is the bioequivalent of Entresto.

5. Following FDA guidelines, MSN's tablets submitted to the FDA utilize similar combinations of sizes, color and shape as Entresto but have their own unique markings. MSN's tablets will further be sold under their own distinct brand name NOVADOZ and the labeling contains no reference to Entresto nor Novartis.

6. The FDA approved MSN's product for sale on or about July 24, 2024. The FDA later rejected legal challenges Novartis filed over the instructions on MSN's label and the District Court for the District of Columbia confirmed that MSN's label did not pose any imminent risk of any public safety concerns. *Novartis Pharm. Corp. v. Becerra*, 2024 WL 4492072, at *11 (D.D.C. Oct. 15, 2024).

7. The District Court's March 17, 2025 preliminary injunction order in this case bars MSN from selling tablets for its generic version of Entresto using a similar combination of color, size and shape as used by Novartis—in effect preventing MSN from selling the very same tablets approved by the FDA. This is catastrophic for MSN.

8. As the District Court acknowledged, MSN would suffer significant hardship if enjoined" and MSN "would lose its 'first mover advantage' and face financial, research, and development setbacks." *Novartis AG v. Novadoz Pharmaceuticals LLC*, No. 25-CV-00849 (D.N.J.), ECF 32 at 18.

9. I understand that another generic manufacturer, Noratech, has stated in court filings that it expects to imminently get FDA approval for and launch a competing generic Entresto product. If MSN is enjoined during the pendency of this appeal, it cannot sell any of its existing product presently in storage, which would jeopardize the advantage it worked so hard over the last eight years to achieve. MSN's inability to use its inventory in storage to execute a long-planned launch of an Entresto generic product at scale would

leave it exposed to other generic competitors and scrambling to mitigate the harm caused by the injunction.

10. Moreover, Novartis's repeated attempts to block MSN's product over the past several years have placed MSN in a "go/no-go" posture ever since it obtained FDA approval for its Entresto generic.

11. Given this history, a new "trade dress" injunction pending appeal would also inflict reputational and financial harm to MSN. Generic drug manufacturers compete in large part based on their ability to consistently and reliably supply their customers with the drugs they need. MSN has devoted significant resources in developing a dependable supply chain on which distributors can rely for their supply of life-saving drugs.

12. Recent developments in Novartis's patent litigation against MSN further heighten the damage caused by the preliminary injunction here.

13. Since August 14, 2024, MSN has been enjoined from launching its product during the pendency of Novartis's appeal to the Federal Circuit in its patent litigation.

14. On April 1, 2025, the mandate issued and the Federal Circuit's injunction pending appeal was lifted. I understand that the

4

Delaware district court then entered judgment and an injunction against MSN that day. But based on the Federal Circuit's decision regarding the scope of the patent-at-issue in that case, there are grounds for MSN overcome the Delaware court's injunction, and arguments in that regard will be heard on April 29, 2025. Accordingly, MSN has taken immediate action in the Delaware district court on remand to remove any and all remaining patent-related obstacles to its release of its generic drug into the market.

15. For the foregoing reasons, expedited treatment of this appeal is warranted.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: April 3, 2025

_____
Bharat Reddy Chintapally

# CERTIFICATE OF BAR MEMBERSHIP

Pursuant to Local Rules 28.3(d) and 46.1(e), I am a member of the Bar of this Court.

Dated: April 4, 2025

/s/Adam G. Unikowsky
   Adam G. Unikowsky
   JENNER & BLOCK LLP
   1099 New York Avenue NW
   Suite 900
   Washington, D.C. 20001
   (202) 639-6041
   aunikowsky@jenner.com

# CERTIFICATE OF COMPLIANCE

1.    This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because it contains 1,561 words, excluding the portions of the motion exempted by Federal Rule of Appellate Procedure 27(a)(2)(B), according to the word count function of Microsoft Word for Microsoft 365, the word processing program used to prepare the motion.

2.    This motion complies with the typeface and type style requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6) because it was prepared in 14-Point Bookman Old Style font.

Dated:  April 4, 2025         /s/Adam G. Unikowsky
                                        Adam G. Unikowsky

# CERTIFICATE OF SERVICE

I, Adam G. Unikowsky, an attorney, hereby certify that on April 4, 2025, I caused **Local Rule 4.1 Motion to Expedite Briefing, Argument, and Ruling and Rule 27.7 Expedited Consideration Requested** to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/Adam G. Unikowsky
Adam G. Unikowsky
JENNER & BLOCK LLP
1099 New York Avenue NW
Suite 900
Washington, D.C. 20001
(202) 639-6041
aunikowsky@jenner.com
