No. 25-1550

# United States Court of Appeals for the Third Circuit

NOVADOZ PHARMACEUTICALS LLC, MSN PHARMACEUTICALS INC., MSN LABORATORIES PRIVATE LIMITED,

*Defendants-Appellants*,

v.

NOVARTIS AG, NOVARTIS PHARMACEUTICALS CORPORATION,

*Plaintiffs-Appellees*.

On Appeal from the United States District Court
for the District of New Jersey, No. 2:25-CV-00849-EP-JRA
(The Honorable Evelyn Padin)

**REPLY IN SUPPORT OF LOCAL RULE 4.1 MOTION TO EXPEDITE BRIEFING, ARGUMENT, AND RULING**

Rebekah Conroy
STONE CONROY LLC
25A Hanover Road, Suite 301
Florham Park, New Jersey 07932
(973) 400-4181

Ron Daignault
DAIGNAULT IYER LLP
8229 Boone Boulevard, Suite 450
Vienna, VA 22182
(917) 838-9795

Adam G. Unikowsky
JENNER & BLOCK LLP
1099 New York Avenue NW
Suite 900
Washington, D.C. 20001
(202) 639-6041
aunikowsky@jenner.com

Gianni P. Servodidio
Rémi Jaffré
Jacquellena T. Carrero
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, New York
(212) 891-1620

*Counsel for Defendants-Appellants Novadoz Pharmaceuticals LLC, MSN Pharmaceuticals Inc., and MSN Laboratories Private Limited*

# ARGUMENT

The Court should grant MSN's motion to expedite. Novartis does not oppose expedition of this appeal or MSN's proposed briefing schedule. *See* ECF No. 9 at 6. And Novartis's argument that this Court does not yet have jurisdiction to decide this motion mischaracterizes the proceedings in the district court and should be rejected.

This Court has jurisdiction over this appeal notwithstanding the pending proceedings in the District Court. Novartis points to Fed. R. App. P. 4(a)(4)(B)(i), which states that if a notice of appeal is filed before the Court disposes of a Rule 59 motion, the notice of appeal "becomes effective" after the Rule 59 motion is resolved. *Id.* According to Novartis, MSN's notice of appeal is currently ineffective because MSN still has a pending Rule 59 motion in the District Court.

Contrary to Novartis's contention, however, MSN did not file a Rule 59 motion that would trigger that rule. Rather, MSN filed a motion to *stay* the district court's preliminary injunction. D.N.J. Dkt. 37. Then, on April 4, 2025, *after* MSN had already noticed this appeal, the district court *sua sponte* requested briefing "under the reconsideration standard." D.N.J. Dkt., ECF No. 43.

MSN's response to the District Court's briefing order was not a Rule 59 motion that would render its notice of appeal ineffective. Instead, it was a response to the District Court's sua sponte request for briefing. Moreover, motions for reconsideration of a preliminary injunction are typically construed as being made under Rule 54(b), not Rule 59. *See MZM Constr. Co., Inc. v. New Jersey Bldg. Laborers' Statewide Benefit Funds*, 2019 WL 3812889, at *6–7 (considering indicative ruling where reconsideration motion was pursuant to Rule 54(b)); *Jacki Easlick, LLC v. CJ Emerald*, 2024 WL 1657843, at *3 (W.D. Pa. Apr. 17, 2024) (treating motion to reconsider preliminary injunction under Rule 54(b)). And, under Federal Rule of Appellate Procedure 4(a)(4)(B)(i), Rule 54(b) motions do not affect notices of appeal.

Thus, in its responsive filing to the District Court, MSN took the position that MSN's notice of appeal "divest[ed] the District Court of jurisdiction 'over those aspects of the case involved in the appeal,'" *Kull v. Kutztown Univ. of Pennsylvania*, 543 F. App'x 244, 248 (3d Cir. 2013) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). MSN therefore asked the District Court to issue an indicative ruling pursuant to Federal Rule of Civil Procedure 62.1.

D.N.J. Dkt., ECF No. 45. Indeed, issuing a Rule 62.1 indicative ruling is standard practice when a party seeks relief from a preliminary injunction while it is on appeal. *See, e.g.*, *MZM Constr. Co., Inc.*, 2019 WL 3812889, at *6–7 (involving motion to reconsider preliminary injunction); *Index Newspapers LLC v. City of Portland*, 2022 WL 72124, at *2 (D. Or. Jan. 7, 2022) (involving motion to dissolve preliminary injunction); *see also Ivan A. v. Anderson*, 2021 WL 858608, at *3 (D.N.J. Mar. 8, 2021) (involving motion to reconsider stay *pendente lite*).

Because this Court continues to have jurisdiction over this appeal, the Court should enter an expedited briefing order. If the District Court issues an indicative ruling stating that it would reconsider its preliminary injunction order, MSN would immediately notify this Court of the indicative ruling. Depending on how the District Court rules, MSN would either seek a remand, dismiss the appeal, or amend its notice of appeal.

Alternatively, if the Court concludes that the notice of appeal is temporarily ineffective in light of the pending proceedings in the District Court, the Court should issue an order making that point clear, which will allow the District Court to rule directly on the

reconsideration issue rather than issue an indicative ruling. In addition, the Court should hold this motion to expedite in abeyance. MSN would promptly file a supplemental brief once the District Court rules.

**CONCLUSION**

For these reasons, MSN respectfully requests the Court to expedite the briefing, argument, and disposition of this appeal in accordance with the schedule proposed in MSN's moving papers. ECF No. 5. In the alternative, MSN requests that the Court hold this motion in abeyance pending the District Court's *sua sponte* decision whether to reconsider of the preliminary injunction.

Dated: April 14, 2025

Respectfully submitted,

By: /s/Adam G. Unikowsky

Adam G. Unikowsky
JENNER & BLOCK LLP
1099 New York Avenue NW
Suite 900
Washington, D.C. 20001
(202) 639-6041
aunikowsky@jenner.com

Rebekah Conroy
STONE CONROY LLC
25A Hanover Road
Suite 301
Florham Park, NJ 07932
(973) 400-4181
rconroy@stoneconroy.com

Ron Daignault
DAIGNAULT IYER LLP

Gianni P. Servodidio
Rémi Jaffré
Jacquellena T. Carrero

4

8229 Boone Boulevard,  JENNER & BLOCK LLP
Suite 450              1155 Avenue of the Americas
Vienna, VA 22182       New York, NY 10036
(917) 838-9795         (212) 891-1620
rdaignault@daignaultiyer.com  gservodidio@jenner.com
                       rjaffre@jenner.com
                       jcarrero@jenner.com

## CERTIFICATE OF BAR MEMBERSHIP

Pursuant to Local Rules 28.3(d) and 46.1(e), I am a member of the Bar of this Court.

Dated: April 14, 2025

/s/Adam G. Unikowsky
Adam G. Unikowsky
JENNER & BLOCK LLP
1099 New York Avenue NW
Suite 900
Washington, D.C. 20001
(202) 639-6041
aunikowsky@jenner.com

# CERTIFICATE OF COMPLIANCE

1. This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because it contains 695 words, excluding the portions of the motion exempted by Federal Rule of Appellate Procedure 27(a)(2)(B), according to the word count function of Microsoft Word for Microsoft 365, the word processing program used to prepare the motion.

2. This motion complies with the typeface and type style requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6) because it was prepared in 14-Point Bookman Old Style font.

Dated: April 14, 2025 /s/Adam G. Unikowsky  
                                                           Adam G. Unikowsky

# CERTIFICATE OF SERVICE

I, Adam G. Unikowsky, an attorney, hereby certify that on April 14, 2025, I caused **MSN's Reply in Support of Local Rule 4.1 Motion to Expedite Briefing, Argument, and Ruling** to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                           /s/Adam G. Unikowsky
                           Adam G. Unikowsky
                           JENNER & BLOCK LLP
                           1099 New York Avenue NW
                           Suite 900
                           Washington, D.C. 20001
                           (202) 639-6041
                           aunikowsky@jenner.com