1099 NEW YORK AVENUE, NW SUITE 900 WASHINGTON, DC 20001-4412

JENNER&BLOCK LLP

Adam Unikowsky
Tel +1 202 639 6041
Fax +1 202 661 4925
AUnikowsky@jenner.com

BY ECF

May 29, 2025

Patricia S. Dodszuweit
Clerk of Court
United States Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

  Re: *Novartis AG v. Novadoz Pharmaceuticals LLC*, No. 25-1550 (3d Cir.)

Dear Ms. Dodszuweit:

  Appellants Novadoz Pharmaceuticals LLC, MSN Pharmaceuticals Inc., and MSN Laboratories Private Limited (collectively, "MSN") write in response to Appellees Novartis AG and Novartis Pharmaceuticals Corporation's (collectively, "Novartis") request for expedited treatment of their Motion for Stay Pending Appeal to Restore the District Court's Preliminary Injunction (the "Motion"). *See* ECF 24; *id.* at 27 (requesting expedited treatment).[1] Rather than expediting the Motion, the Court should instead hold briefing on the Motion in abeyance until it rules on MSN's forthcoming motion to remand, which MSN will file no later than Monday, June 2, 2025.

  As MSN's forthcoming motion will explain, this case presents the unusual circumstance where the District Court has already concluded that the decision on appeal, which granted Novartis's request for a preliminary injunction, was incorrect. In granting MSN's request to stay the preliminary injunction pending appeal, the District Court expressly reversed its earlier ruling and held that Novartis did not have valid and protectable trade dress rights in the common colors and shapes of its pharmaceutical tablets—a ruling that will resolve both this appeal and the underlying case in its entirety. The District Court "recognize[d] that its holding here is in conflict with its previous holding," but "note[d] that courts sometimes get things wrong." *Id.* at 5 n.2; *see also id.* ("Wisdom does not always find me, so I try to

---

[1] Novartis's statement that "[t]he parties previously agreed to an expedited briefing schedule" is misleading. *See* ECF 24 at 27. MSN did not agree to expedite the briefing of Novartis's Motion, and indeed Novartis made no attempt to meet and confer with MSN on a briefing schedule for the Motion.

embrace it when it does—even if it comes late, as it did here." (quoting *Thompson Reuters Enter. Ctr. GmbH v. Ross Intel., Inc.*, No. 20-cv-613, 2025 WL 458520, at *1 (D. Del. Feb. 11, 2025) (Bibas, J.))).

Moreover, the District Court also found that Novartis failed to show any non-speculative irreparable harm and noted that MSN is unable to launch its generic product due to patent-related barriers until July 16, 2025. *See, e.g.*, D.N.J. Dkt. ECF 51 at 5–6. The District Court did not take the additional step of *sua sponte* reconsidering and vacating the preliminary injunction, as it had previously indicated it might do, but only because it concluded that MSN's notice of appeal divested it of jurisdiction to do so. *Id.* at 4 n.1.

Thus, the posture of this appeal has fundamentally changed since MSN filed its Notice of Appeal. This Court therefore should issue a limited remand to permit the District Court to issue an order vacating its earlier decision, which Novartis could then appeal. Once the District Court has done so, MSN will dismiss its appeal. This sequencing would resolve the awkwardness of the current procedural posture:

- The decision on appeal does not reflect the District Court's well-reasoned analysis of the merits of Novartis' trade dress claim. In an appeal by Novartis following a remand, the decision on appeal would accurately reflect what the District Court ultimately concluded based on a careful reconsideration of the record.

- Difficult issues regarding the standard of review will arise if the case is decided in its current posture. The Court will have to determine how to apply deferential abuse-of-discretion or clear-error review where there are two decisions below reaching diametrically opposed conclusions. A remand would clear the deck of those complex issues.

- Novartis is currently the appellee even though it is challenging the District Court's latest action (which effectively deprives Novartis of the benefit of a preliminary injunction). A remand would allow the parties to be correctly aligned in a subsequent appeal.

For these reasons, the Court should stay briefing on Novartis's Motion until it resolves MSN's forthcoming motion to remand. Before the parties submit briefs on whether to stay the stay of the preliminary injunction pending appeal, the Court should decide the antecedent question of whether this appeal will be remanded. It would be a waste of party and judicial resources for the parties to litigate a stay motion in connection with an appeal that the Court might never hear.

But at a minimum, there are no grounds to expedite briefing on Novartis's Motion. Novartis recognizes that it does not in fact need this Court to intervene "before the end of the day on July 15, 2025," ECF 24 at 2, the date when all patent

bars to MSN's launch will be lifted, *see id.* at 6, 10. The standard briefing schedule in Federal Rule of Appellate Procedure 27(a)(3)(A) is more than sufficient to allow the Court to rule on the Motion before that date.

        Sincerely,

        /s/ Adam G. Unikowsky
        Adam G. Unikowsky

## CERTIFICATE OF SERVICE

I, Adam G. Unikowsky, an attorney, hereby certify that on May 29, 2025, I caused the foregoing **Letter** to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

    /s/ Adam G. Unikowsky
Adam G. Unikowsky
JENNER & BLOCK LLP
1099 New York Avenue NW
 Suite 900
Washington, D.C. 20001
(202) 639-6041
aunikowsky@jenner.com