No. 25-1550

# United States Court of Appeals for the Third Circuit

NOVADOZ PHARMACEUTICALS LLC, MSN PHARMACEUTICALS INC., MSN LABORATORIES PRIVATE LIMITED,

*Defendants-Appellants*,

v.

NOVARTIS AG, NOVARTIS PHARMACEUTICALS CORPORATION,

*Plaintiffs-Appellees*.

On Appeal from the United States District Court
for the District of New Jersey, No. 2:25-CV-00849-EP-JRA
(The Honorable Evelyn Padin)

**MOTION FOR LIMITED REMAND**

Rebekah Conroy
STONE CONROY LLC
25A Hanover Road, Suite 301
Florham Park, New Jersey 07932
(973) 400-4181

Adam G. Unikowsky
JENNER & BLOCK LLP
1099 New York Avenue NW
Suite 900
Washington, D.C. 20001
(202) 639-6041
aunikowsky@jenner.com

Ron Daignault
DAIGNAULT IYER LLP
8229 Boone Boulevard, Suite 450
Vienna, VA 22182
(917) 838-9795

Gianni P. Servodidio
Rémi Jaffré
Jacquellena T. Carrero
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, New York
(212) 891-1620

*Counsel for Defendants-Appellants Novadoz Pharmaceuticals LLC, MSN Pharmaceuticals Inc., and MSN Laboratories Private Limited*

Pursuant to Federal Rules of Appellate Procedure 12.1 and 27, Defendants-Appellants Novadoz Pharmaceuticals LLC, MSN Pharmaceuticals Inc., and MSN Laboratories Private Limited (collectively, "MSN"), respectfully move for an order remanding this appeal to the United States District Court for the District of New Jersey for the limited purpose of allowing the District Court to reconsider its grant of a preliminary injunction to Plaintiffs-Appellees Novartis AG and Novartis Pharmaceuticals Corporation (collectively "Novartis").

The posture of this appeal has fundamentally changed since March 24, 2025, when MSN filed its notice of appeal of the District Court's order granting a preliminary injunction. D.N.J.Dkt. 35. Since then, the District Court solicited briefing under the reconsideration standard and granted MSN's motion to stay the injunction pending appeal, concluding that—contrary to its prior determination—Novartis was not entitled to a preliminary injunction. *See Novartis AG v. Novadoz Pharmaceuticals LLC*, No. 25-cv-00849 (D.N.J.) ("D.N.J.Dkt."), ECF 43; *id.*, ECF 51. The District Court expressly recognized that its determinations in granting the stay were "in conflict with its previous holding" but "note[d] that courts

sometimes get things wrong." D.N.J.Dkt., ECF 51 at 5 n.2. The District Court declined to grant reconsideration solely on the ground that it lacked jurisdiction because MSN had filed a notice of appeal. *Id.* at 4 n.1. Under Federal Rule of Appellate Procedure 12.1, an appellate court is authorized to remand under these circumstances to allow the district court to reconsider its ruling. Fed. R. App. P. 12.1. Either pursuant to Rule 12.1 or pursuant to its inherent authority, the Court should remand. In light of the District Court's express acknowledgement that the decision on appeal was incorrect, it would be a waste of party and judicial resources to proceed with the appeal of that decision, rather than allowing the District Court to correct its error on remand.

As contemplated by Rule 12.1, this Court therefore should issue a limited remand to permit the District Court to issue an order vacating its earlier decision, which Novartis could then appeal. Once the District Court has done so, MSN will dismiss its appeal. This sequencing would resolve the awkwardness of the current procedural posture of reviewing a decision the District Court already deemed to have been wrong and permit a more streamlined and efficient judicial review. As set forth in MSN's letter dated May 29, 2025, ECF 25, the

2

Court should resolve MSN's motion for a limited remand before deciding Novartis's motion to stay, ECF 24.

## BACKGROUND

This appeal concerns the District Court's improper grant of a preliminary injunction in a trade dress dispute between Novartis and MSN. D.N.J.Dkt., ECF 32. The relevant factual background has been set forth in MSN's prior motion to expedite, *see* ECF 5, and is summarized here only to the extent necessary to support this motion.

### I. The First Preliminary Injunction Order.

On March 17, 2025, the District Court granted Novartis's request for a preliminary injunction without first holding an evidentiary hearing or oral argument. D.N.J.Dkt., ECF 32. The District Court preliminarily enjoined MSN from, inter alia, "manufacturing, . . ., selling, marketing, offering for sale, advertising, promoting or displaying [] MSN['s] [generic Entresto d]rug, in a manner likely to infringe on Plaintiffs' trade dress." D.N.J.Dkt., ECF 33. The District Court did so despite recognizing that "[t]here is no question that MSN would suffer significant hardship if enjoined" and that MSN "would lose its 'first mover advantage' and face financial, research, and development setbacks." D.N.J.Dkt., ECF 32 at 18.

3

On March 24, 2025, MSN filed this appeal pursuant to 28 U.S.C. § 1292(a) and, in parallel, moved the District Court to stay its preliminary injunction pending the appeal. D.N.J.Dkt., ECF 35, 37-1. In its motion to stay, MSN demonstrated that the District Court's decision to grant the preliminary injunction rested on a series of manifest legal errors, that MSN would be irreparably harmed absent a stay, and that the balance of hardships and public interest favored a stay. *See* D.N.J.Dkt., ECF 37-1.

## II. MSN's Motion to Stay the Preliminary Injunction Pending Appeal and the District Court's Request for Reconsideration Briefing.

On April 4, 2025, after MSN had already filed this appeal, the District Court *sua sponte* requested briefing "under the reconsideration standard." D.N.J.Dkt., ECF 43. In MSN's reconsideration brief, MSN advised the District Court that it lacked jurisdiction to reconsider and dissolve the preliminary injunction because MSN's notice of appeal divested it of jurisdiction to do so. *See* D.N.J.Dkt., ECF 45 at 7–9. MSN requested that, instead, the District Court should issue an indicative ruling pursuant to Federal Rule of Civil Procedure 62.1 stating that it would grant reconsideration if this Court remanded for that purpose. *See id.*

Also on April 4, 2025, MSN filed a motion to expedite the instant appeal. *See* ECF 5. On April 11, 2025, Novartis opposed that motion, arguing that it was premature given the reconsideration issue pending before the District Court. ECF 9 at 1. By orders dated April 15, 2025, this Court "defer[red] action" on MSN's motion to expedite and held the "appeal in abeyance pending the District Court's decision on reconsideration." ECF 11; ECF 12. The Court also instructed the parties to notify the Clerk when the District Court rendered its decision, and instructed MSN to indicate whether it intends to move forward with the appeal and the motion to expedite. ECF 11.

### III. The District Court's Decision on MSN's Motion to Stay.

On May 22, 2025, the District Court granted MSN's motion to stay the preliminary injunction pending appeal. D.N.J.Dkt., ECF 51. In doing so, the District Court expressly reversed its earlier ruling and held that Novartis was in fact *unlikely* to succeed on the merits of its trade dress infringement claim and *unlikely* to suffer irreparable harm. *See, e.g.,* D.N.J.Dkt., ECF 51 at 5–6. The District Court held that Novartis had not established a likelihood of success on the merits because its claimed trade dress was functional and therefore

5

unprotectible as a matter of law. *See id.* at 6–12. The District Court explained that the color, shape, and size of Entresto pills all serve functional roles in communicating key dosing information to Entresto patients and supporting the administration of the medication. *Id.* On irreparable harm, the District Court acknowledged that its earlier decision had applied an incorrect legal framework and held that, under the correct framework, Novartis failed to demonstrate a non-speculative risk of reputational harm. *Id.* at 12–17.

In granting the stay, the District Court "recognize[d] that its holding here is in conflict with its previous holding," but "note[d] that courts sometimes get things wrong." *Id.* at 5 n.2; *see also id.* ("Wisdom does not always find me, so I try to embrace it when it does—even if it comes late, as it did here." (quoting *Thompson Reuters Enter. Ctr. GmbH v. Ross Intel. Inc.*, 765 F. Supp. 3d 382, 389 (D. Del. 2025) (Bibas, J.))).

The District Court did not take the additional step of *sua sponte* reconsidering and vacating the preliminary injunction, as it had previously indicated it might do, but only because it concluded that MSN's notice of appeal divested it of jurisdiction to do so. *Id.* at 4

6

n.1. The District Court's conclusion was consistent with MSN's position in the reconsideration briefing. MSN explained to the District Court that it lacked jurisdiction to reconsider its ruling because of the pending appeal but urged the District Court to indicate that it *would* reconsider its ruling if it had jurisdiction to do so. D.N.J.Dkt., ECF 45. In its decision, the District Court did precisely that.

### IV. Novartis's Motion to Stay.

On May 28, 2025, Novartis filed a motion to stay the District Court's order staying the preliminary injunction pending appeal ("Novartis's Motion"). ECF 24. On May 29, 2025, MSN requested that the Court hold briefing on Novartis's Motion in abeyance until it rules on MSN's instant motion to remand. ECF 25.

### ARGUMENT

The Court should remand this case to the District Court for the limited purpose of permitting the District Court to reconsider and vacate its earlier decision granting the preliminary injunction.

This Court has the authority to issue a limited remand in these circumstances. If a motion is made in the district court for relief that the district court lacks the authority to grant due to a pending appeal

7

and the district court indicates "that it would grant the motion or that the motion raises a substantial issue," the appellate court may remand for further proceedings. *See* Fed. R. App. P. 12.1. In such circumstances, the court of appeal retains jurisdiction until it expressly dismisses the appeal. *Id.* Moreover, this Court possesses the inherent authority to issue limited remands if necessary for the proper exercise of appellate jurisdiction. *See* 28 U.S.C. § 2106 (granting courts of appeal the power to "remand the cause . . . or require such further proceedings to be had as may be just under the circumstances").

A limited remand is warranted here. This case presents the unusual circumstance where the District Court has already concluded that the decision on appeal, which granted Novartis's request for a preliminary injunction, was incorrect. The District Court made extensive factual findings supporting its decision to stay the preliminary injunction, expressly acknowledging that its earlier findings were erroneous and that "courts sometimes get things wrong." D.N.J.Dkt., ECF 51 at 5 n.2. The District Court determined that the pending appeal divested it of jurisdiction to take the additional step of reconsidering and vacating the preliminary

injunction entirely, *see id.* at 4 n.1, but the decision left no doubt that the District Court would take that step if given the chance. Thus, the District Court's decision should be treated as an indicative ruling warranting a limited remand. *See* Fed. R. App. P. 12.1(b).

Of note, the District Court's decision is consistent with MSN's request in the District Court. Below, after MSN filed its notice of appeal and the District Court *sua sponte* sought briefing on reconsideration, MSN informed the District Court that it lacked jurisdiction to reconsider its injunction in view of the notice of appeal, but nonetheless urged the District Court to issue an indicative ruling under Federal Rule of Civil Procedure 62.1, which would allow this Court to issue a limited remand under Federal Rule of Appellate Procedure 12.1. D.N.J.Dkt., ECF 45. The District Court issued such a ruling as MSN requested. Now, consistent with MSN's position in the District Court, MSN requests a limited remand from this Court.

A limited remand would promote the efficient resolution of the issues presented in this appeal. First, this Court would benefit from having the District Court's most recent analysis before it on appeal, not an earlier position the District Court has since repudiated. In particular, the District Court's recent decision that Novartis's claimed

trade dress is functional is dispositive of the entire case irrespective of other merits issues such as secondary meaning or likelihood of confusion. *See, e.g.*, *Ezaki Glico Kabushiki Kaisha v. Lotte Int'l Am. Corp.*, 986 F.3d 250, 260 (3d Cir. 2021) (not reaching "other possible grounds" for affirming grant of summary judgment in defendant's favor where the claimed trade dress was functional and thus "not protectable"); *Sweet St. Desserts, Inc. v. Chudleigh's Ltd.*, 69 F. Supp. 3d 530, 549–50, 550 n.9 (E.D. Pa. 2014) (stating that "the [c]ourt need not consider secondary meaning or likelihood of confusion" when the court has determined that the claimed trade dress is functional), *aff'd*, 655 F. App'x 103 (3d Cir. 2016). Further, the District Court's finding that Novartis is unlikely to suffer irreparable harm is independently dispositive of Novartis's entitlement to a preliminary injunction. *Nichino Am., Inc. v. Valent U.S.A. LLC*, 44 F.4th 180, 187 (3d Cir. 2022) ("[A] plaintiff's failure to establish any element in its favor renders a preliminary injunction inappropriate." (citation omitted)). In any appeal, the Court should review the District Court's findings on these two independently dispositive issues rather than earlier findings on these issues that have been

10

superseded or findings on additional issues that the Court need no longer reach.

Second, maintaining the appeal in its current posture risks entangling the Court in complex and unnecessary questions regarding the applicable standard of review. It is unclear how the Court could meaningfully apply abuse-of-discretion or clear-error standards to a preliminary injunction order when the District Court itself has subsequently exercised its discretion to reject its prior findings. This Court would have to decide how to treat two conflicting district court decisions, each arguably entitled to deference. A limited remand would eliminate these thorny issues by taking the District Court's earlier, superseded decision out of the picture.

Finally, as a practical matter, the preliminary injunction has effectively been vacated because Novartis is no longer receiving the benefit of the injunction. Under these circumstances, it makes logical sense for Novartis, not MSN, to be the appellant.

For these reasons, a limited remand would clear the procedural underbrush by properly aligning the parties and enabling this Court to review the issues in a streamlined manner. Given that the District Court has already completed its well-reasoned analysis of the issues,

11

it can issue a reconsideration decision expeditiously following remand. Novartis would then have ample time to seek appellate review, as well as an injunction pending appeal from this Court[1] before July 16, 2025, which Novartis itself recognizes is the earliest date MSN could actually launch its generic product. *See* ECF 24 at 2, 6, 10, 27.

## CONCLUSION

For these reasons, MSN respectfully requests that the Court issue an order remanding this appeal to the United States District Court for the District of New Jersey for the limited purpose of allowing the District Court to rule on the reconsideration issue.

Dated: May 30, 2025

Respectfully submitted,

By: /s/Adam G. Unikowsky

Rebekah Conroy
STONE CONROY LLC
25A Hanover Road
Suite 301
Florham Park, NJ 07932
(973) 400-4181
rconroy@stoneconroy.com

Adam G. Unikowsky
JENNER & BLOCK LLP
1099 New York Avenue NW
Suite 900
Washington, D.C. 20001
(202) 639-6041
aunikowsky@jenner.com

---

[1] Under Fed. R. App. P. 8(a)(1)(C), such relief would have to be sought in the District Court in the first instance.

Ron Daignault
DAIGNAULT IYER LLP
8229 Boone Boulevard,
Suite 450
Vienna, VA 22182
(917) 838-9795
rdaignault@daignaultiyer.com

Gianni P. Servodidio
Rémi Jaffré
Jacquellena T. Carrero
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036
(212) 891-1620
gservodidio@jenner.com
rjaffre@jenner.com
jcarrero@jenner.com

**CERTIFICATE OF BAR MEMBERSHIP**

Pursuant to Local Rules 28.3(d) and 46.1(e), I am a member of the Bar of this Court.

Dated: May 30, 2025

/s/Adam G. Unikowsky
Adam G. Unikowsky
JENNER & BLOCK LLP
1099 New York Avenue NW
Suite 900
Washington, D.C. 20001
(202) 639-6041
aunikowsky@jenner.com

## CERTIFICATE OF COMPLIANCE

1. This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because it contains 2,306 words, excluding the portions of the motion exempted by Federal Rule of Appellate Procedure 27(a)(2)(B), according to the word count function of Microsoft Word for Microsoft 365, the word processing program used to prepare the motion.

2. This motion complies with the typeface and type style requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6) because it was prepared in 14-Point Bookman Old Style font.

Dated:  May 30, 2025         /s/ Adam G. Unikowsky
                             Adam G. Unikowsky

## CERTIFICATE OF SERVICE

I, Adam G. Unikowsky, an attorney, hereby certify that on May 30, 2025, I caused **Motion for Limited Remand** to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/Adam G. Unikowsky
Adam G. Unikowsky
JENNER & BLOCK LLP
1099 New York Avenue NW
Suite 900
Washington, D.C. 20001
(202) 639-6041
aunikowsky@jenner.com